**Tigran Leva GALSTYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–74422.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2006 *.

Filed July 30, 2007.

Gittel Gordon, Esq., Law Offices of Gittel Gordon, La Jolla, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM [\*\*]

Tigran Leva Galstyan ("Galstyan"), a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals's ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Because the BIA summarily affirmed the IJ's opinion, "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir.2004) (citation omitted). Here, the IJ found Galstyan not credible and denied his application for asylum and withholding of removal on the basis of: (1) Galstyan's unresponsiveness to questioning; (2) an inconsistency between Galstyan's testimony and his asylum application statement regarding the dates that his father served in Parliament; and (3) the lack of detail in Galstyan's asylum application regarding a physical beating in 2000 and regarding the identities of persons who threatened him on several occasions. We conclude that the IJ's adverse credibility determination was not supported by substantial evidence in the record.

The IJ failed to cite to any specific examples in support of his finding that Galstyan was evasive and unresponsive in his testimony. *See Singh v. Ashcroft,* 301 F.3d 1109, 1113–14 (9th Cir.2002) (agency "must identify particular instances in the record where the petitioner refused to answer questions asked of him" to support a finding of unresponsiveness). With respect to Galstyan's testimony regarding the dates of his father's political service

and a lack of consistency with statements made in his asylum application, Galstyan gave a logical explanation when the IJ questioned him. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004). That Galstyan gave a more detailed version of events in his testimony than he did in his asylum application statement does not necessarily undermine his credibility, as his testimony was not inconsistent with his application. *See Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996) ("[a]n applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application.") (citing *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990)).

For the foregoing reasons, we conclude that substantial evidence does not support the IJ's negative credibility finding. Accordingly, we remand Galstyan's asylum, withholding of removal, and CAT relief claims to the BIA. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Galstyan argues that the IJ erred in excluding documents Galstyan offered in support of his application on the basis that Galstyan failed to authenticate them in accordance with 8 C.F.R. § 287.6. Galstyan failed to properly exhaust this issue before the BIA, depriving this court of jurisdiction. *See Zara v. Ashcroft,* 383 F.3d 927 (9th Cir.2004).

Galstyan's contention that his counsel's ineffective assistance before the IJ and BIA violated his right to due process fails. The proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted).

[\*\*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

**PETITION FOR REVIEW GRANTED IN PART and REMANDED.**